IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **SOURCEONE PLUS, INC.**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 8996 |
| | ) |
| **AERUS, LLC**, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

Aerus, LLC ("Aerus") has filed its Answer to the First Amended Complaint ("FAC") filed against it by Sourceone Plus, Inc. ("Sourceone"), with the Answer being coupled with a Counterclaim against Sourceone. This memorandum order is issued sua sponte because of an issue that has been highlighted in Answer ¶ 8.

Aerus, a Texas corporation having its principal place of business in Dallas (Answer ¶ 4), has been a purchaser of vacuum bags and vacuum related products from Sourceone (Answer ¶ 9), but it has denied (id.) the FAC ¶ 9 allegation that it has purchased vacuum filters as well. What seems clear is that even though Aerus acknowledges that 28 U.S.C. § 1391[1] confirms the technical propriety of lodging venue in this judicial district, it views Sourceone's resort to this District Court as a poor second choice.

In that respect it seems likely that the relationship between the parties was conducted at long distance, with Sourceone's goods being produced here and shipped to Aerus and with the

---

[1] All further references to Title 28's provisions will simply take the form "Section --," omitting the prefatory "28 U.S.C. §."

latter being firmly ensconced in Texas. It further appears that the parties' interaction was essentially through the exchange of correspondence (and, of course, through Aerus sending payments to Sourceone here in Illinois). Indeed, Answer ¶ 6 expressly denies this FAC ¶ 6 allegation by Sourceone:

> Aerus regularly conducts business in Cook County, Illinois and operates a number of business locations in Cook County, Illinois, including Arlington Heights, Skokie, and Hanover Park.

All of that being so, it is quite understandable that Aerus' Answer ¶ 8, though it does recognize the legal permissibility of Sourceone's opting for this judicial district in venue terms, goes on to <u>deny</u> "that this District is the proper venue to 28 U.S.C. § 1404(a) for the convenience of parties and witnesses." Accordingly, if Aerus is serious about its preference for a Section 1404(a) transfer to a Texas District Court, it should promptly file a motion and a brief supporting memorandum on that score.[2]

                                                    _/s/ Milton I. Shadur_

Date: December 16, 2014                    Milton I. Shadur
                                                          Senior United States District Judge

---

[2] Meanwhile, the previously-set February 19, 2015 status hearing date remains in place.