# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | | |
|---|---|---|
| **SOURCEONE PLUS, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:15CV00012 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **AERUS, LLC,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Terry N. Grimes and Brittany M. Haddox, Terry N. Grimes, Esq., P.C., Roanoke, Virginia, and Matthew L. McBride III, McBride Law Offices, P.C., Arlington Heights, Illinois, for Plaintiff; Steven H. Trent and Mark A. Fulks, Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C., Johnson City, Tennessee, for Defendant.*

The issue currently before this court in this civil diversity case is whether the counter plaintiff, Aerus, LLC ("Aerus"), has sufficiently pleaded fraud in compliance with Rule 9(b) of the Federal Rules of Civil Procedure.

The plaintiff, Sourceone Plus, Inc. ("Sourceone"), initially filed this action against Aerus in the Circuit Court of Cook County, Illinois, seeking damages related to an alleged breach of contract. In the Complaint, Sourceone, a manufacturer of vacuum filters and vacuum-related products, alleges that Aerus, a vacuum cleaner manufacturer, breached a contract for the purchase of vacuum bags.

Asserting diversity jurisdiction, Aerus removed this action to the United States District Court for the Northern District of Illinois. Aerus then filed a Counterclaim against Sourceone alleging breach of contract, breach of express warranty of merchantability, breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and common law fraud. Thereafter, Aerus sought a transfer of venue to the Western District of Virginia pursuant to 28 U.S.C. §1404 and the motion was granted. As a result, Sourceone's partial motion to dismiss Aerus' Counterclaim for fraud is currently before this court.

Pursuant to Aerus' Counterclaim,

> Sourceone knowingly and intentionally made false statements and/or omissions of material fact regarding: (i) Sourceone's capabilities and ability to satisfy Aerus quality requirements and specifications for the manufacturing and supply of vacuum bags; (ii) Sourceone's fraudulent misrepresentation that the problems associated with the misapplication of glue on the bags were due to the fact that the samples were made by hand and that would not be a problem on its machine made bags made for Aerus, when in fact it knew the Sourceone bags were to be continued to be made by hand and (iii) Sourceone's capabilities and abilities to satisfy Aerus' forecast requirements for the timely delivery of vacuum bags.

(Countercl. ¶ 50, ECF No. 14.) Sourceone has raised numerous issues with these allegations, including the lack of information associated with the alleged manufacturing specifications, delivery requirements, and the goods that were deficient or rejected. More generally, Sourceone's concern is that Aerus is seeking

to convert a commercial dispute into an action for fraud without detailed allegations of an alleged scheme to defraud.

Under ordinary principles of federal pleading practice, a party is required only to make "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, when fraud is alleged, the claim is subject to Rule 9(b), which requires that it be pled with particularity. Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). Lack of compliance with the pleading requirements of Rule 9(b) is treated as a failure to state a claim under Rule 12(b)(6). *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 n.5 (4th Cir. 1999).

With respect to allegations of fraud, "the 'circumstances' required to be pled with particularity under Rule 9(b) are 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.'" *Id.* at 784 (citation omitted). The requirements of Rule 9(b) have been analogized to the goal of a good newspaper lead — who, what, when, where, and how. *See, e.g.*, *Melder v. Morris*, 27 F.3d 1097, 1100 n.5 (5th Cir. 1994).

-3-

Case 1:15-cv-00012-JPJ-PMS   Document 47   Filed 06/10/15   Page 3 of 8   Pageid#: 235

The purposes of Rule 9(b) are: (1) to ensure that the defendant has sufficient information to formulate a defense by putting it on notice of the conduct complained of; (2) to protect defendants from frivolous suits; (3) to eliminate fraud actions in which all the facts are learned after discovery; and (4) to protect defendants from harm to their goodwill and reputation. *See Harrison*, 176 F.3d at 784. Nonetheless, "[a] court should hesitate to dismiss a complaint under Rule 9(b) if the court is satisfied (1) that the defendant has been made aware of the particular circumstances for which she will have to prepare a defense at trial, and (2) that plaintiff has substantial prediscovery evidence of those facts." *Id.*

In this case, Aerus alleges fraud arising out of a January 2013 contract between the parties for the manufacture and sale of vacuum bags. Pursuant to their agreement, Sourceone was required to "meet[] Aerus current quality requirements and forecast." (Countercl. Ex. A, ECF No. 14-1.) Between January and March 2013, Aerus alleges that it provided quality requirements and forecasts for vacuum bags and Sourceone provided samples for Aerus' approval. Between January 2013 and June 2014, Aerus allegedly placed multiple purchase orders with Sourceone. According to Aerus, however, Sourceone repeatedly failed to satisfy quality and delivery requirements, resulting in Aerus' termination of the contract in June 2014. Aerus outlines various failures by Sourceone, including damaged products

-4-

Case 1:15-cv-00012-JPJ-PMS   Document 47   Filed 06/10/15   Page 4 of 8   Pageid#: 236

delivered in April 2013, inadequate gluing and improper use of materials in delivered bags, and numerous missed delivery dates.

Aerus' claim is largely based on its general contention that Sourceone defrauded it through misrepresentations regarding its ability to satisfy quality requirements and delivery forecasts. Nonetheless, Aerus does describe certain misrepresentations in detail, including communications by Sourceone's President, Bill Becker.

For example, Aerus alleges that "[i]n multiple written and oral communications, representatives from Sourceone, including President Bill Becker . . . , promised and guaranteed Aerus that the vacuum bags to be manufactured and sold by Sourceone to Aerus would be the same quality as the sample vacuum bags inclusive of the corrections and/or modifications requested by Aerus." (Countercl. ¶ 13, ECF No. 14.) In one instance, Aerus alleges that on or about March 4, 2013, Becker sent an email stating: "Sample bags are made by hand. It's possible (and I suspect) that the person spreading the glue onto the collar was not consistent. Thus the reason for [the issue]. When bags are made on the machines the glue is put on in a consistent manner." (*Id.* ¶ 18(a) (alterations in original).) Aerus contends that Sourceone never possessed automated gluing equipment for this process, making this representation false and with the fraudulent intent to induce further purchase orders.

In another example, Aerus alleges that "Sourceone made multiple false statements regarding the expected delivery dates and/or delivery status of vacuum bags, including oral and written statements by Becker regarding the ability of Sourceone to deliver the initial shipment of vacuum bags on or before March 5, 2013." (*Id.* ¶ 18(b).) Aerus contends, however, that "the first shipment of non-damaged vacuum bags was not received until approximately 1 1/2 months later." (*Id.* ¶ 17(a).)

While not fully describing the entirety of the alleged fraudulent scheme, I find that these examples are sufficient to state a claim as required by Rule 9(b). At a minimum, Aerus has outlined the time frame in which the alleged fraud occurred, between January 2013 and June 2014; Becker's involvement in the alleged scheme; and the contents of the false representations. In short, Sourceone is on notice that Aerus alleges that Becker, on behalf of Sourceone, made misrepresentations regarding quality and delivery requirements to induce Aerus to place purchase orders over an extended period of time. *See Fujisawa Pharm. Co. v. Kapoor*, 814 F. Supp. 720, 726 (N.D. Ill. 1993) (noting that Rule 9(b) is less stringently applied when the "fraud allegedly occurred over a period of time").

Nonetheless, even if I were to dismiss this claim with leave to amend, I believe that Aerus could sufficiently plead a claim for fraud based on information already contained in the court record. For example, in the Motion to Transfer

Venue, Aerus provides extensive detail of the alleged facts in this case. (Def./Counter-Pl. Aerus, LLC's Mot. to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) 2-6, ECF No. 22.) Of particular interest, Aerus asserts that all negotiations and communications regarding the parties' agreement occurred with Becker and Kenneth Burnett, Sourceone's Vice President of Sales and Operations. (*Id.* at 3.) Additionally, Aerus asserts that all communications between the parties, including Becker and Burnett, were by correspondence and telephone, with a limited exception for three in-person meetings. (*Id.* at 5.) These claims are confirmed by the Affidavit of Andy Eide, Vice President of Product Development and Manufacturing for Aerus. (*Id.* Ex. A.) Though not incorporated into Aerus' Counterclaim, I find that this information confirms my finding that Sourceone is on notice of the particular circumstances of the alleged fraud and that Aerus is in possession of prediscovery evidence regarding its claim. *See Harrison*, 176 F.3d at 784.

In the end, if Aerus is unable to prove any specific instances of fraud, it will not prevail on this claim following a motion for summary judgment or at trial. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997). At this time, however, Aerus has sufficiently pleaded a claim for fraud.

For these reasons, it is **ORDERED** that Sourceone's Motion to Dismiss "Count V" of Aerus' Counterclaim (ECF No. 19) is DENIED.

ENTER: June 10, 2015

/s/  James P. Jones
United States District Judge